### McLEAN v. F. E. McALLISTER CO. et al.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

INJUNCTION—MODIFICATION—LACHES—ASSIGNMENTS FOR CREDITORS.

In an action by a stockholder to set aside an assignment for creditors made by a corporation, the complaint was dismissed, but a permanent receiver was appointed, with power to sue for the same purpose. The assignee, on January 24, 1898, appealed from so much of the order as appointed the receiver, but before the case was served another action was brought by a judgment creditor to set aside the assignment and for the appointment of a receiver, and the assignee and others were restrained from commencing or continuing any action to obtain possession of the assets of the corporation or interfering with the receiver. On March 2, 1898, an ex parte injunction was issued, and subsequently made permanent till the trial of the action. On December 17, 1898, judgment was entered setting aside the assignment, and making the injunction permanent. On January 23, 1899, the assignee moved to modify the judgment so as to allow him to proceed with his appeal in the first action. *Held*, that the assignee was guilty of laches, and his motion should be denied.

Appeal from special term, New York county.

Action by Donald McLean, receiver of the F. E. McAllister Company, against the F. E. McAllister Company, John S. Garrison, and others. From an order denying a motion by defendant Garrison for an order modifying an injunction in a judgment so far as to allow him to proceed with an appeal taken in a suit by one Walter against the F. E. McAllister Company and others from so much of the judgment therein as appointed plaintiff permanent receiver of the company, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

D. Thornton, for appellants.

Albert Ritchie, for respondent.

O'BRIEN, J. In the Walter action brought to set aside the assignment, the complaint was dismissed, but the plaintiff, McLean, was appointed permanent receiver, with power to bring an action to set aside the said assignment. An appeal was taken by Garrison from so much of that judgment as appointed the receiver, January 24, 1898. Before the proposed case on appeal was served, this action was commenced, and an ex parte injunction, dated March 2, 1898, was procured, and was subsequently made permanent till the trial of this action. A motion was made to dismiss Garrison's appeal, and opposed on the ground that the injunction granted in this action had prevented the appellants from proceeding in the Walter action. This action was tried in April, 1898, and thereafter the decision was made, and on the 17th of December, 1898, a copy of judgment was entered setting aside the assignment from the McAllister Company to Garrison, and therein the defendants in the action and all persons claiming under them were restrained from commencing or continuing any action or proceeding to obtain possession of the assets of the said company, or otherwise interfering with the plaintiff in the discharge of his duties as receiver. On January 23, 1899, the defendant Garrison moved at special term to vacate or modify the injunction so that he might proceed with his appeal in the Walter action, and this was denied on the ground of laches, and it is from the order entered on that motion that this appeal is taken.

The terms of the injunction and order were broad enough to make it dangerous for Garrison to proceed in the Walter suit without having it modified, and he was, therefore, not blamable for not proceeding with his appeal until that was obtained. Thereafter, however, he did nothing in that direction beyond requesting this plaintiff to stipulate to waive the injunction as to him. In the Garrison action a judgment has been entered, and not appealed from, which destroys Garrison's title as receiver. If Garrison should succeed on his appeal, the effect would be to throw everything into confusion,—the rights of third parties having intervened, and the accounts of the temporary receiver having been passed,—and the result would be to throw the fund among the various creditors or claimants, to be scrambled for. If McLean's appointment was made without the court having jurisdiction, that question could be raised on appeal from the judgment in this action, on which also Garrison would have the opportunity to again vindicate his own title. What he is evidently aiming at, however, is to destroy the plaintiff's title as receiver. Such a result should not be sanctioned unless Garrison is regular in his practice and has not been guilty of laches. Upon the latter question, dates are important. The first stay or injunction was procured on March 2, 1898, almost a year before the papers on this motion were served.

The attitude assumed by Garrison, and what resulted therefrom, is thus summarized by the respondent:

"This defendant has stood by without protest, and allowed the plaintiff herein to proceed under his judgment of appointment, in the course of which the plaintiff brought this action, at an expense to the estate of $558 in costs of court alone. This defendant did not at that time seek to have the stay or injunction modified so that he could prosecute his appeal, but came in and contested the plaintiff's title for the second time, and for the second time he was defeated. He allowed the temporary receiver to account to the permanent receiver, and be discharged, with the usual incidents of counsel fees, commissions, referee's and stenographer's fees, and he made no protest or motion to modify the injunction. The receiver advertised for claims and proceeded to collect the assets, with more expense incurred, but still no protest from the said defendant. The judgment was served adjudging him to have no title, and directing him to account. The time to appeal expired, and he served his account, pursuant to the direction of the judgment; yet he protested not. The attachment creditors moved for a direction to have the money in the hands of the receiver applied to the payment of their attachments. The two largest of these attaching creditors—Patrick Brady, to the sum of $2,718.35, and Thomas Matthews, to the sum of $3,054.44—are the persons preferred in the general assignment, and were, respectively, the father-in-law and intimate personal friend of the president of the company, by which the assignment was made. This defendant allowed the receiver to resist this assault on the fund, and only after the attaching creditors withdrew from the direct attack does this defendant come in and seek to be allowed to prosecute his appeal. In the meantime, the justice before whom the cause was tried, and by whom the case would have to be settled, has retired from the bench."

To meet the force of the argument based on his delay in moving, Garrison says that he requested the attorney for the receiver to stipulate to waive the injunction as far as the appeal was concerned. The receiver, however, insists that Garrison was not stayed; that he refused to stipulate to waive the stay, and wrote to Garrison's attorneys "that any stipulation which the receiver would be justified in giving, the court would grant the same relief upon motion, and that such a stipulation might be deemed by the court to be a waiver of the laches of the defendant in prosecuting said appeal." To do nothing further than to request the stipulation or waiver which was refused does not excuse the prolonged inaction of Garrison, who could have moved the court for the relief he now seeks before the expenses had been incurred, before the plaintiff had accounted, and without waiting upon the chances or the result of the issues in this action. His excuse based on his view that he was stayed is not entirely ingenuous. The receiver told him that he did not regard the stay as applying to his appeal, and, instead of taking the receiver at his word, he insisted on a stipulation before proceeding, and, that being refused, he waited until unsuccessful in this action before he made his application to the court. His conduct is fairly open to the inference that he was desirous of first testing the plaintiff's title in this action, and only when defeated therein was he stirred into activity in the direction of making an appeal that can be of no avail to himself, but might be fatal to plaintiff's title as temporary receiver. The judge below was right in denying the motion on the ground of laches, and the order should be affirmed, with costs. All concur.